IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01588-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 3 - 2006

GREGORY C. LANGHAM

EDWIN MARK ACKERMAN,

        Plaintiff,

v.

STATE OF COLORADO,
GOVERNOR BILL OWENS,
ATTORNEY GENERAL KEN SALIZAR [sic],
COLORADO DEPARTMENT OF CORRECTIONS,
DIRECTOR OF CDOC JOE ORTIZ,
CORRECTIONS CORPORATION OF AMERICA,
DIRECTOR OF CCA MR. KAISER,
BENT COUNTY CORRECTIONAL FACILITY,
BCCF WARDEN JIM KEITH,
ASST. WARDEN STEVEN BROWN, JR.,
CHIEF OF SECURITY KELLY CLODFELTER,
FACILITY INVESITIGATOR [sic] STEVEN BROWN, SR.,
HEARINGS OFFICER LT. KING,
HEARINGS OFFICER LT. BOWELY,
SHIFT SUPERVISOR CAPT. CHAVEZ,
MORNING SERGENT [sic] SGT. SALIZAR,
ARKANSAS VALLEY CORRECTIONAL FACILITY,
AVCF WARDEN CARL ZENON,
ASST. WARDEN STEVEN HARTLEY,
CASE MANAGER LT. MOLLY MARTINEZ,
UNIT LT. LT. JAMES SALIZAR,
HEARINGS OFFICER LT. STEINBECK, and
HOUSING SERGENT [sic] SGT. RICK RIVAS,

        Defendants.

_____

ORDER TO AMEND COMPLAINT

_____

        Plaintiff Edwin Mark Ackerman is a prisoner in the custody of the Colorado

Department of Corrections (DOC) at the Fremont Correctional Facility in Cañon City,

Colorado.  Mr. Ackerman has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights under the United States Constitution have been violated. Plaintiff fails to state a request for relief.  He simply asks that relief be determined by a jury trial.

The Court must construe the Complaint liberally because Mr. Ackerman is a *pro se* litigant.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Ackerman will be ordered to amend and assert personal participation by properly named defendants and to show cause why the Complaint should not be dismissed for failure to exhaust administrative remedies.

To the extent that Plaintiff has raised constitutional claims pursuant to § 1983, he must assert personal participation by each named defendant in the alleged constitutional violations.  Personal participation is an essential allegation in a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, a plaintiff must show that each defendant caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).

Furthermore, a defendant, such as named Defendants Governor Bill Owens, Attorney General Ken Salizar, Director of CDOC Joe Ortiz, Director of CCA Mr. Kaiser,

BCCF Warden Jim Keith, Asst, Warden Steven Brown Jr., AVCF Warden Carl Zenon, and Asst. Warden Steven Hartley may not be held liable on a theory of respondeat superior merely because of their supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Therefore, Mr. Ackerman is instructed to amend the Complaint and assert how each named Defendant personally participated in the alleged constitutional violations.

As for Defendants State of Colorado, Colorado Department of Corrections, and the Arkansas Valley Correctional Facility, they are not properly named parties to the action.  The State of Colorado and its entities are protected by Eleventh Amendment immunity.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).  "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).  The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought.  *See Higganbotham v. Okla. ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Mr. Ackerman is a prisoner confined in a correctional facility. He claims in this action that Defendants have retaliated against him and have conspired to transfer him from Arkansas Valley Correctional Facility to Bent County Correctional Facility and to place him in administrative segregation. He further asserts that he has been subject to retaliatory searches, harassed, discriminated against, had his outgoing mail monitored, and has been subjected to disciplinary actions in retaliation for either writing a book or for having an alleged relationship with Defendant Sgt Rick Rivas's wife. Plaintiff contends that his Fourth, Eighth, and Fourteenth Amendment rights have been violated. Because the issues Mr. Ackerman raises in the Complaint relate to prison conditions he must exhaust the available administrative remedies.

Section 1997e(a) also "imposes a pleading requirement on the prisoner." *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Ackerman must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211.

4

In response to Question One under Section "F. Administrative Relief," on Page Seven of the complaint form, Mr. Ackerman states that there is a grievance procedure at the institution where he is confined.  In response to Question Two under the same section, Plaintiff states that he has exhausted his administrative remedies but that "[s]tep III of the grievance process was never answered."

Mr. Ackerman has attached copies of three different grievances that he has submitted.  Grievance No. BC04/05-297 deals with actions by Defendant Sgt. Salizar and a Chief of Security who is not identified by name.  The copies of the grievances filed in Grievance No. BC04/05-306 are of such poor quality that they are not readable in part.  Step I in Grievance No. BC04/05-216 involves the search of Plaintiff's cell by Defendant Salizar and two other individuals who are not named as defendants in the instant action.   The copy of the step II grievance in Grievance No. BC04/05-216 is not readable and step III is a request that Plaintiff be returned to the Arkansas Valley Correctional Facility.

In keeping with DOC Administration Regulations a grievance shall address only one problem.  DOC Administrative Regulations, Grievance Procedure 850-04, IV.B.3.a.  Furthermore, Plaintiff does not appear to have addressed and exhausted all of the claims he asserts in the attached grievances.  It is Plaintiff's responsibility to state how he has exhausted each asserted claim, either by description or by attaching copies of readable grievances that relate to the alleged claim.  Plaintiff also must identify on each of the copies of the grievances to which claim the grievances pertain.

Mr. Ackerman is advised that § 1997e(a) imposes a total exhaustion requirement on prisoners.  *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004).

5

If Mr. Ackerman has not exhausted administrative remedies for all of the claims he raises in this action, the entire Complaint must be dismissed. Furthermore, § 1997e requires that Plaintiff properly exhaust his administrative remedies, which includes following all procedures set forth in a prison grievance system. *Woodford v. Ngo*, 126 S. Ct. 2378 (2006).

Therefore, Mr. Ackerman will be ordered to amend the Complaint and explain why the Complaint and action should not be dismissed for failure to exhaust administrative remedies. Accordingly, it is

ORDERED that Mr. Ackerman file **within thirty days from the date of this Order** an original copy of an Amended Complaint that complies with the directives in this Order. It is

FURTHER ORDERED that the Amended Complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Ackerman, together with a copy of this Order, two copies of a current Court-approved Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that Mr. Ackerman submit sufficient copies of the Amended Complaint to serve each named defendant. It is

FURTHER ORDERED that if Mr. Ackerman fails to comply with this Order to the Court's satisfaction, within the time allowed, the Complaint and the action will be

6

dismissed without further notice.

DATED October 3, 2006, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01588-BNB

Edwin Mark Ackerman
Prisoner No. 87741
Fremont Correctional Facility
PO Box 999
Cañon City, CO 81215- 0999

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on _____10/3/06_____

GREGORY C. LANGHAM, CLERK

By:_____
                    Deputy Clerk